RECEIVED

JAN 17 2017

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:16-CR-50 |
| v. | ) | |
| | ) | PLEA AGREEMENT |
| MICHAEL JOSEPH WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government") and the Defendant, MICHAEL JOSEPH WILSON, and Defendant's attorney, enter into this Plea Agreement.

## A. CHARGES

1. Subject Offense. Defendant will plead guilty to Counts 2 and 3 of the Indictment: Count 2 - Distributing Child Pornography, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1) and Count 3 – Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and 2252(b)(2). Defendant also agrees to forfeiture of the electronic equipment listed in the Indictment.

2. Charges Being Dismissed. If the Court accepts this Plea Agreement, Count 1 of the Indictment will be dismissed at the time of sentencing.

3. No Further Prosecution. The Government agrees that Defendant will not be charged in the Southern District of Iowa with any other federal criminal offense arising from or directly relating to this investigation. This paragraph and this Plea Agreement do not apply to (1) any criminal act occurring after the date of this agreement, (2) any crime of violence, or (3) any criminal offense which Defendant did not fully disclose to law enforcement during Defendant's interviews pursuant to any proffer or other agreements with the United States.

## B. MAXIMUM PENALTIES

4. Maximum and Mandatory Minimum Punishment. Defendant understands that the crimes to which Defendant is pleading guilty in **Count 2** carries a mandatory minimum sentence of at least 5 years in prison and a maximum sentence of up to 20 years in prison; a maximum fine of $250,000; and a term of supervised release of not less than 5 years, up to life. A mandatory special assessment of $100 per count also must be imposed by the sentencing court. No one has promised Defendant that Defendant will be eligible for a sentence of less than the mandatory minimum. **Count 3** carries a maximum sentence of 20 years in prison; a maximum fine of $250,000; and a term of supervised release of not less than 5 years, up to life. A mandatory special assessment of $100 per count also must be imposed by the sentencing court.

5. Supervised Release--Explained. Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions. If Defendant were to violate a condition of supervised release, Defendant could be sentenced up to five (5) years in prison, without any credit for time previously served.

6. Detention. Pursuant to the Mandatory Detention for Offenders Convicted of Serious Crimes Act (18 U.S.C. § 3143), Defendant agrees to remain in custody following the completion of the entry of Defendant's guilty plea to await the imposition of sentence.

## C. NATURE OF THE OFFENSE -- FACTUAL BASIS

7. Elements Understood. Defendant understands that to prove the offenses alleged under **Count 2, Distributing Child Pornography**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a) The defendant knowingly distributed a visual depiction that had been shipped

or transported in interstate or foreign commerce by any means including by computer;

(b) The production of that visual depiction involved the use of a minor engaging in sexually explicit conduct; and

(c) The visual depiction was of such conduct.

Defendant understands that to prove the offenses alleged under **Count 3, Possession of Child Pornography**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a) Defendant knowingly possessed one or more books, magazines, periodicals, films, videotapes, or other matter containing visual depictions;

(b) The production of those visual depictions involved the use of minors engaged in sexually explicit conduct; and

(c) The visual depictions were produced using materials which had been shipped or transported in interstate and foreign commerce.

8. Elements Admitted. As a factual basis for his plea of guilty, Defendant admits the following:

(a) A CyberTip from Google indicated that user junction4153@gmail.com uploaded child pornography on 12/29/13. That tip was investigated by Internet Crimes Against Children Task Force members. The investigation revealed that Wilson exclusively used that email address and that he resided in the 1000 block of 9th Ave. South in Clinton, IA. A search warrant was executed at this residence on 5/23/14 at which time 10 electronic devices were taken to be examined. Of those items, 4 contained child pornography. Wilson admitted that the 2 cell phones and SD card were his and that he used the computer, putting all his child pornography in a specific file.

(b) Wilson was interviewed post-Miranda at the time of the search. Wilson provided several email addresses he used, including the one tied to the cyber tip. He indicated that he used Dropbox and Google Drive, but that it was shut down a few months ago because child pornography was found on it. Wilson admitted that his passion is trading child pornography, which he has been doing for the past year. People would contact him and ask to trade and he would put the child pornography on his Google Drive or Dropbox and email them the link.

He estimated that he stored (possessed) about 30-40 videos and a few images on Google Drive.

(c) The examination found a total of 197 images containing child pornography with dates ranging from 1/7/14 through 5/20/14 and 387 child pornography videos with dates ranging from 1/1/14 through 5/20/14. The ages of the children involved ranged from infant up to approximately 15 years old. Those devices included the following:

a. HTC Thunderbolt cell phone: The memory card was made in China and the phone in Taiwan. The examiner found chats wherein Wilson was communicating with "footlovingman" about abusing his (Wilson's) 6-year-old niece. During the conversation, pictures of a child were sent to this user. On the cell phone, there were 7 videos containing child pornography and one image of child pornography. One of the videos depicts a girl, approximately 5 years old, performing oral sex on an adult male.

b. 16GB SanDisk Micro SD card: There were 59 images of child pornography and 154 videos lasting in length from a few seconds to 38 minutes long. The created dates were 3/13/14 through 5/16/14. The ages of the children were as young as 4 years old and consisted of both boys and girls.

c. Apple IPhone 4 (made in China): There were chats recovered using the KIK and WhatsApp application. There are chats about trading pictures and videos containing child pornography. There were 210 child pornography videos with both male and female children from infant to mid-teens. There was a video showing a bound 10-year-old boy being sexually assaulted. The created dates were 1/1/14 through 5/20/14. There were 55 child pornography images recovered from infant to mid-teen, both female and male, with created dates of 1/7/14 through 5/20/14.

d. Compaq Presario CQ57 laptop recovered from the living room: Found in a folder on the desktop that was labeled "Mike" were 82 child pornography images with a created date of 1/27/14 through 3/7/14 and 16 videos that were created on 3/7/14 and were from 15 seconds to 40 minutes long. One of the videos showed a girl, under the age of 10 years old, performing oral sex on an adult male.

(d) Wilson knowingly received, distributed and possessed child pornography on his cell phone and other electronic devices. Wilson used the KIK application to chat with other child pornographers about trading child pornography for pecuniary gain. Wilson would then trade images/videos of child pornography in

exchange for receiving like images, which then would be possessed by him. The images were produced using materials which had been shipped or transported in interstate and foreign commerce

(e) Some or all the above listed activities occurred in the Southern District of Iowa.

9. Truthfulness of Factual Basis. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offense to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10. Venue. Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

## D. SENTENCING

11. Sentencing Guidelines. Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law. The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a) The nature of the offenses to which Defendant is pleading guilty;

(b) Whether the images/videos involved prepubescent minors;

(c) Whether a computer was used in the offense;

(d) Whether the images/videos were distributed, to whom and whether for valuable consideration;

(e) Whether the material portrays sadistic or masochistic conduct or other depictions of violence;

(f) Whether the Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor;

(g) The number of images/videos involved;

(h) The nature and extent of Defendant's criminal history; and

(i) Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction, and down to the statutory mandatory minimum. Defendant has discussed the Sentencing Guidelines with Defendant's attorney.

12. Acceptance of Responsibility. The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1(a). The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

13. Presentence Report. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

14. Evidence at Sentencing. The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement. Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

15. Sentence to be Decided by Judge -- No Promises. This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties. Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding. Therefore, it is uncertain at this time what each Defendant's actual sentence will be.

16. No Right to Withdraw Plea. Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated, or if the sentencing judge declines to follow the parties' recommendations.

## E. FORFEITURE, FINES, COSTS, AND RESTITUTION

17. Forfeiture. Defendant agrees to forfeiture of the property identified in the Indictment. Defendant will execute any documents as directed by the Government to complete the

forfeiture. These items include but are not limited to: HTC Thunderbolt cell phone, 16GB SanDisk Micro SD card, Apple IPhone 4 and Compaq Presario CQ57 laptop.

18. Waivers Regarding Forfeiture. Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

19. Consent to Judgment of Forfeiture. Defendant agrees to waive all interest in asset subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

20. Fines and Costs. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

21. Special Assessment. Defendant agrees to pay the mandatory special assessment of $200 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

22. Restitution. Defendant agrees that the Court should impose an order of restitution

for all relevant conduct in an amount to be determined by the Court; that such order of restitution shall be due and payable immediately; and that if Defendant is not able to make full payment immediately, Defendant shall cooperate with the United States Probation Office in establishing an appropriate payment plan, which shall be subject to the approval of the Court, and thereafter in making the required payments. Any such payment plan does not preclude the Government from utilizing any collections procedures pursuant to the Federal Debt Collections Act and including the Treasury offset program.

23. Financial Statement. Defendant agrees to complete truthfully and in full a financial statement provided by the U.S. Attorney's Office, and return the financial statement to the U.S. Attorney's Office within 30 days of the filing of this Plea Agreement.

**F. LIMITED SCOPE OF AGREEMENT**

24. Limited Scope of Agreement. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

25. Agreement Limited to Southern District of Iowa. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

26. Sex Offender Registry. Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendants release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent

of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that Defendant shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction. As a condition of supervised release, Defendant shall initially register with the state sex offender registration in the state of Iowa, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update Defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## G. WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

27. Trial Rights Explained. Defendant understands that this guilty plea waives the right to:

(a) Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

(b) A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

(c) The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

(d) Confront and cross-examine adverse witnesses;

(e) Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

(f) Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

(g) If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

28. Waiver of Appeal and Post-Conviction Review. Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the District Court, to the extent that an appeal is authorized by law. Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255. These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H. VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

29. Voluntariness of Plea. Defendant represents that Defendant's decision to plead

guilty is Defendant's own, voluntary decision, and that the following is true:

(a) Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b) No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c) No one has threatened Defendant or Defendant's family to induce this guilty plea.

(d) Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

30. Consultation with Attorney. Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

(a) Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

(b) Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

(c) Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision. Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I. GENERAL PROVISIONS

31. Entire Agreement. This Plea Agreement, and any attachments, is the entire agreement between the parties. Any modifications to this Plea Agreement must be in writing and signed by all parties.

32. Public Interest. The parties state this Plea Agreement is in the public interest and it

takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

33. Execution/Effective Date. This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

**J. SIGNATURES**

34. Defendant. I have read all of this Plea Agreement and have discussed it with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No promises have been made to me other than the promises in this Plea Agreement. I have not been threatened in any way to get me to enter into this Plea Agreement. I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case. I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crime to which I am pleading guilty. I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

1-17-17 ________________ Mike Wilson ________________

Date MICHAEL JOSEPH WILSON

35. Defendant's Attorney. I have read this Plea Agreement and have discussed it in its entirety with my client. There is no Plea Agreement other than the agreement set forth in this writing. My client fully understands this Plea Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full

access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

1/17/17
Date

Terry McAtee
101 W. 2nd Street
Davenport, IA 52801
Tel: 563-322-8931
Fax: 563-383-0052
Email: terry_mcatee@fd.org

36. United States. The Government agrees to the terms of this Plea Agreement.

Kevin E. VanderSchel
United States Attorney

1/17/17
Date

By:

Melisa K. Zaehringer
Assistant U.S. Attorney
United States Courthouse
131 East 4th Street
Davenport, Iowa 52801
Telephone: 563-449-5426
Telefax: 563-449-5433
E-mail: melisa.zaehringer@usdoj.gov